IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BARBARA J. MITCHELL,

      Plaintiff,

v.                                                             Case No. 20-2320-JWB

NEBRASKA FURNITURE MART, INC.,

      Defendant.


**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to permit video deposition at trial. (Doc. 34.)  Defendant has not filed a response and the time for doing so has passed.  For the reasons discussed herein, Plaintiff's motion is DENIED.

Pursuant to Fed. R. Civ. P. 32(a)(4)(E), Plaintiff asks the court to permit the video deposition of Dr. Lowry Jones to be used at trial rather than require him to appear as a live trial witness.  Plaintiff argues "exceptional circumstances" exist such that the court should permit the use of his deposition at trial.  (Doc. 34 at 1.)  Directed at the use of depositions in court proceedings, Rule 32(a)(4)(E) provides:

> (4) Unavailable Witness.  A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
>
> . . . .
>
> (E) on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used.

Fed. R. Civ. P. 32(a)(4)(E).

Dr. Jones is the orthopaedic specialist who treated Plaintiff for her alleged injuries sustained at Defendant's store.  Plaintiff intends to use Dr. Jones as a trial witness because he is her treating physician.  Dr. Jones actively practices in Kansas City, Missouri, and Leawood, Kansas.  Plaintiff argues that requiring Dr. Jones to leave work for the day would be disruptive to both himself and his patients; but the "compelling factor to permit plaintiff to use Dr. Jones' deposition at the trial is the cost differential involved to plaintiff in presenting his testimony at trial as opposed to the deposition cost."  (Doc. 34 at 2.)  Specifically, there is roughly a $4,000 difference between the fees that Dr. Jones will charge Plaintiff for taking his deposition and requiring him to appear in court.  Plaintiff asserts the "only real thing accomplished in this process is the ability of the defendant to exert continued economic pressure on plaintiff in an effort to coerce a low-ball settlement." (*Id*.)

Plaintiff identifies two cases that illustrate "exceptional circumstances" warranting video depositions at trial.  First, *Robinson v. Food Serv. of Belton, Inc*., 415 F. Supp. 2d 1232, 1232 (D. Kan. 2005).  There, Judge Lungstrum found an exceptional circumstance where the witness was in South Carolina after her military reserve unit was activated; the witness' travel expenses to Kansas City would exceed Plaintiff's claimed damages of $500.00; and the witness' testimony would largely be the same as other witnesses, which lessened the need for the jury to observe her credibility and demeanor firsthand.  *Id*. at 1238.  Second, Plaintiff relies on *Borchardt v. United States*, 133 F.R.D. 547, 547 (E.D. Wis. 1991).  In that case, the court found an "exceptional circumstance" where the cost differential of $625 to $875 justified the use of deposition testimony where the plaintiff was only seeking approximately $10,000 in damages.  *Id*. at 548.

The facts of both *Robinson* and *Borchardt* are dramatically different from the present case.  Here, Plaintiff seeks over $237,000 for medical expenses, pain and suffering, permanent injury,

emotional distress, lost enjoyment of life, and diminished ability to perform her daily activities. (Doc. 33 at 8.)  These proposed damages are orders of magnitude higher than the $500 and $10,000 damage awards sought in *Robinson* and *Borchardt*.  Moreover, this case is set for trial in Kansas City, where Dr. Jones maintains his practice—thereby largely eliminating travel expenses.  Dr. Jones is a necessary witness for the Plaintiff's case and as such the jury should be allowed to observe his credibility and demeanor during live testimony.  *See Garcia-Martinez v. City and County of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004) ("When the 'key factual issues' at trial turn on the 'credibility' and 'demeanor' of the witness, we prefer the finder of fact to observe live testimony of the witness.").  Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED this 2nd day of June, 2021.


    s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE